## BLEDSOE v. SUMNER.†

(Court of Civil Appeals of Texas. April 6, 1911. Rehearing Denied May 4, 1911.)

1. TRIAL (§ 397*)—TRIAL BY COURT—FINDINGS OF FACT—FAILURE TO FIND THE PARTICULAR QUESTION.

Where the court in an action on notes and to enforce a vendor's lien on state school land patented from the state did not fully find that the vendor, who had applied to purchase the land in 1898, lived prior thereto and continuously since at a place away from the land, but the particular fact was undisputed and was manifestly considered by the court in arriving at its conclusion, it will be regarded as established evidence, and not ground for error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 940–945; Dec. Dig. § 397.*]

2. TRIAL (§ 404*) — TRIAL BY THE COURT — FINDINGS — CONSTRUCTION — CONCLUSIVENESS.

In an action on notes given as purchase money for state school land to which the vendor had no valid right or interest that could pass to the vendee, the court's finding that the terms of the contract of sale were an entirety, and that as entering into the contract, and going to make up the amount of the notes, and as value passing from the vendor to the vendee, there was an amount of borrowed money, the amount of patent and filing fees paid by the vendor, the full award price and interest already paid by the vendor to the state, improvements on the land, and the vendor's abandonment to the vendee of such claim as he had and the vendee's immediate possession, is not a finding that the notes were given only for the land itself, and will support a conclusion that there was consideration for the notes.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 957–962; Dec. Dig. § 404.*]

3. TRIAL (§ 396*)—TRIAL BY COURT—FINDINGS ON PARTICULAR QUESTION—ISSUE NOT RAISED BY PLEADING.

The vendee of land in a suit by the vendor upon notes given in purchase of the land cannot complain that the court erred in not holding that there was a partial failure of consideration for the notes, when he neither alleges nor proves the amount or proportion that should be deducted from the total amount of the notes because of the alleged partial failure of consideration.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 935–938; Dec. Dig. § 396.*]

4. BILLS AND NOTES (§ 92*)—CONSIDERATION.

The abandonment of possession and claim to lands, subject to forfeiture to the state, is sufficient consideration for a note given to induce such abandonment.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 92.*]

5. TRIAL (§ 396*) — TRIAL BY THE COURT — FINDINGS ON PARTICULAR QUESTION—ISSUES NOT SUPPORTED BY EVIDENCE.

The vendee of land, when sued by the vendor upon his notes given as purchase money for the vendor's interest, cannot complain of the court's failure to hold that there was a partial failure of consideration for the notes, where he did not allege that the notes were given in part as an illegal bonus, nor prove the amount that should be deducted from the total amount of the notes.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 935–938; Dec. Dig. § 396.*]

Appeal from District Court, Wilbarger County; S. P. Huff, Judge.

Action by J. C. Sumner against E. M. Bledsoe. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee brought the suit to recover on three promissory notes executed by appellant to him, and to foreclose a vendor's lien on certain land; and prayed in the alternative, upon the specific facts alleged, if he was not entitled to recover on the notes, that he have judgment for the land. Appellant by his answer admitted liability on the notes for a certain amount, and tendered the same into court, and pleaded that the balance of the amount of the notes was without any consideration. It was averred in the answer as a want of consideration that appellee had no interest or title in the land conveyed because he was not an actual settler upon the land nor upon any base section within a radius of five miles to the land. There was a trial to the court; and upon his finding there was a sufficient and valid consideration to support the promise to pay the notes, and that a lien was given on the land to secure the payment of the notes, a personal judgment was rendered against appellant on the notes, awarding a foreclosure of the lien and order of sale.

On February 17, 1898, the S. E. ¼ of section 10 in block 15 of the Houston & Texas Central Railway Company surveys in Wilbarger county was a part of the state school land, and was on the market for sale by the state. Appellee on that date made application to purchase same as additional lands under the act of 1895 and amendment of 1897. On the 19th of the same month the land was awarded him by the state. Appellee paid the amount required by the state, and executed the obligations in terms of the law for the balance, and paid the interest each year until June 16, 1900, when he paid out the entire balance and applied for a patent. The state received the money, and turned ed it into the treasury. Later the Land Commissioner notified appellee that he could not legally patent the land to him. On June 21, 1900, appellee made a conveyance of the land to appellant, and appellant executed the three notes in suit. Under the terms of the contract of sale, appellant was at once given possession of the land, and he continued to

---

reside upon the land from that date to August 8, 1908, when he made proof of three years' occupancy, and a patent was issued to him, viz., "E. M. Bledsoe as assignee of J. C. Sumner." Appellee at the time he purchased the land went into possession and fenced and used it until the possession and claim were given to appellant. During the time appellee was in possession several persons made application to the state to purchase, but were refused by the Land Office on the ground that it had been sold to appellee. Appellant never paid anything to the state, but the patent issued only by virtue of all the money paid to the state, including patent fee, by appellee. At the time of the contract of sale, $250 in money was loaned appellant by appellee. The borrowed money, the value of the improvements, the full award price, and interest paid the state by appellee, the patent fee and filing fees, possession at once, and abandonment of claim to the land entered into the notes as making up the amount of the notes. Upon all the evidence, the court made the conclusion that there was sufficient consideration to support the promise to pay the notes, and that there was no failure of consideration.

F. P. McGhee and L. P. Bonner, for appellant. Berry & Stokes and R. W. Hall, for appellee.

LEVY, J. (after stating the facts as above). [1] By the first assignment appellant complains that the court erred, as to his findings of fact, in "not more fully setting forth therein that J. C. Sumner lived at all times prior to and on the 17th of February, 1898, and continuously since that time, in and near Vernon, 14 miles from the land the notes were given in payment for." As this particular fact is undisputed and was manifestly considered by the court in arriving at his conclusion, it will be regarded as a part of the established evidence, and no error can be predicated on the assignment.

[2] The second assignment is that "the court erred in its conclusion of law and in its judgment in holding defendant liable to pay plaintiff any part of the purchase money for said S. E. ¼, section 10, involved in this suit, because the plaintiff had not the right to sell same to defendant, Bledsoe." We understand by the terms of the assignment, "any part of the purchase money," that appellant means to make the contention that under the findings it should be here held that the notes sued on were as a matter of law wholly without any consideration to support the same, because they were given for the purchase of the land itself, and that appellee, as vendor, had no valid right to or interest in the land which could pass or vest in the appellant, the vendee. The assignment assumes that the court found as a fact, and based his conclusion of law upon such fact, that the sole consideration supporting the promise to pay the notes was the land itself.

It does not appear in the record that the court made the finding that the notes were given only for the land itself nor does it appear that the court made the finding that any part of the amount of the notes was given for the land itself. The court's conclusion of law, based upon all the testimony as to the contract of sale, was that there was a valid and sufficient consideration shown for the notes, and that there was no failure of consideration for the notes. The terms of the contract of sale were, it appears, an entirety and not severable. The court made the general finding of fact that appellant executed the notes sued on, and that appellee made a conveyance of the land to appellant and retained a lien to secure the payment of same. The court finds as entering the contract, and as going to make up the amount of the notes, and as benefits and value passing from appellee to appellant, $250 in borrowed money, about $600 worth of improvements on the land, the patent and filing fees paid the state by appellee, the full award price of the land, and the interest already paid the state by appellee, immediate possession of the inclosed land, and appellee's immediate abandonment of possession and such claim as he had to appellant. If such were the consideration for which the notes were given and all this was in the minds of the parties, and that is the finding, then it could not be said that the court was holding or finding that the notes were given only for the purchase of the land itself. It manifestly appears that the court was finding, and so concluded, that there was sufficient consideration to support the promise to pay the full amount of the notes, independent of the land itself. And if the notes were given for such consideration, and that is the finding of the court, then it could not be said as a matter of law that they did not amount to any consideration. The question of inadequacy or fraud is not made, and is aside. And so, under the finding, assuming that appellee had no valid right to or interest in the land itself, there still would be a sufficient consideration appearing in the facts to support the promise to pay the notes. There was no total failure of consideration. As the consideration for the notes was not solely the land itself, and the court so concluded, the point raised by the assignment that there was error as a matter of law in allowing a recovery for any part of the notes, fails, and must be overlooked.

[3] If, however, it was intended by the assignment to present the point that the evidence conclusively shows that a part of the consideration for the notes was the land itself, the purchase of which by appellee from the state was void ab initio, and that, therefore, the court erred in not holding that there was a partial failure of the consideration for the notes, then it must necessarily be answered that if that fact be true, and an amount in particular should be

so allowed, appellant neither alleged nor proved the amount nor the value that should be allowed in such abatement. Assuming the fact to be true, we could not calculate the actual moneyed consideration passing, which was tendered into court, and then deduct it from the total of the notes, and say the difference between it and the amount of the notes represented what in fact was for the land itself; for, according to the findings, the abandonment at once of possession and claim by appellee to the land entered the consideration as well and such was of value. But how much the parties valued such possession and surrender of claim is not computed nor reduced to dollars and cents by the record, and we cannot assume that it was of little or merely nominal value to them. It rather appears that the possession and claim surrendered by appellee were of value and aided appellant in getting a patent, for, according to the record, the patent was to appellant as assignee of appellee.

[4] The abandonment of such possession and claim to the land, though subject to forfeiture, would of itself be a sufficient consideration to support a promise to pay a note given to induce such abandonment. And, if this was a part of the consideration, besides the moneyed worth tendered in court, entering the notes, as is the finding, and it being a thing of value and benefit passing to appellant, it could not be said as a matter of law that it so far represented the land itself as to constitute a partial failure or want of consideration on the ground that appellee's claim to the land was void. Appellee's claim to the land might have been void, and his occupancy might have been no aid to appellant in acquiring a patent by occupancy; still the possession and claim then surrendered by appellee was of value and served the purpose of the parties, and served of benefit to appellant by permitting his immediate occupancy to commence. No question of fraud arises or appears. As to whether a vendor's lien could be said to exist and be enforceable against land subsequently acquired by occupancy is not presented or raised by the assignment. The assignment specifically limits consideration here to the sufficiency of the consideration, and not adequacy, for the notes to support a personal judgment on the notes. As the court did not base his conclusion that there was a sufficient consideration to support the notes upon any finding that the notes were given solely for the land itself, the ruling in Schwarz v. McCall, 94 Tex. 10, 57 S. W. 31, and in the other cases cited of like import, has no application to the point here made by the assignment.

[5] The third assignment is that "the court erred in holding that defendant, Bledsoe, should be compelled to pay to Sumner the illegal 'bonus' embraced in the notes in suit,

for the main reason that Sumner was not entitled to such bonus, and it is simply extortion to compel payment of same after defendant had tendered in court to Sumner all the money Sumner had paid to the state for the land. This was all 'Sumner was entitled to, and he should have been required to take this money tendered him, and Bledsoe should have been released from further liability on the notes in suit." There is no finding by the court, nor does the evidence show, that the notes were given in whole or in part as a "bonus" distinctively as such. If it was intended by the assignment to present the point' that the evidence conclusively shows that a part of the consideration for the notes was in fact for the land itself, the purchase of which by Sumner from the state was void ab initio, and that, therefore, the court erred in not holding that there was a partial failure of the consideration for the notes, then it must necessarily be answered, as in the preceding assignment, that, if the fact be true and an amount should be so allowed, appellant neither alleged nor proved the amount nor the value that should be allowed in such abatement. According to the findings, there were several things of value and benefit passing as the consideration for the notes, and the court's conclusion that there was a valid and sufficient consideration for the notes was not based solely or in part on the land itself. And if the evidence should so show, as contended, the value or amount of the deduction was not so placed before the court as to enable him, or this court, to give such relief. And from the record it does not appear a fundamental error.

The case was ordered affirmed.